FILED
2009 Feb-23 PM 04:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **vs.** | } | **Case No. 2:00-cv-8055-SLB-TMP** |
| | } | **CR 97-B-266-S** |
| **MICAH RUDISILL,** | } | |
| | } | |
| **Defendant/Movant.** | } | |

## MEMORANDUM OPINION

This motion pursuant to 28 U.S.C. § 2255 to set aside or vacate a conviction and sentence is again before the court for consideration of a claim of ineffective assistance of counsel. On March 17, 2007, the Eleventh Circuit Court of Appeals vacated this court's denial and dismissal of the § 2255 motion and remanded for reconsideration of a single claim. The appellate court remanded movant's claim that he received ineffective assistance of counsel in that his attorney at trial and on appeal failed to challenge Count Thirteen of the Indictment on grounds that it was duplicitous and failed to charge an offense.

## Procedural History

On May 13, 1998, movant was sentenced to 210 months in prison and three years of supervised release following his conviction after a jury trial for the offenses of conspiracy to defraud in violation of 18 U.S.C. § 2314, eleven counts of interstate transportation of stolen money or securities in violation of 18 U.S.C. § 2314, and

conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h). Following an unsuccessful appeal, movant filed the instant § 2255 motion in this court on November 15, 2000. The court denied and dismissed the motion on March 24, 2005. On appeal, the United States Court of Appeals for the Eleventh Circuit vacated and remanded the case on March 14, 2007, finding that movant's ineffective-assistance-of-counsel claim was neither waived nor procedurally defaulted, and should be considered on the merits. The parties were given an opportunity to file supplemental briefs, which the movant filed on June 4, 2007. The Government has filed nothing further.[1]

**Discussion**

The claim before the court alleges that movant's trial and appellate counsel were ineffective because they did not challenge the validity of Count Thirteen of the Indictment as allegedly duplicitous and for failing to allege a cognizable offense.[2] It should be noted that movant alleges no defect or challenge to his convictions on Counts One through

[1]That the Government filed no further response to the court's briefing invitation is not significant because the court is able to summarily deny the claim on the basis of the record. For the reasons explained below, counsel were not ineffective in failing to challenge Count Thirteen of the indictment because, on its face, the count is not vulnerable to attack either as duplicitous or for failing to charge a crime.

[2]On appeal from denial of the § 2255 relief, the Court of Appeals granted a certificate of appealability only with respect to this single claim. That effectively foreclosed further litigation on all of movant's other claims.

Twelve of the Indictment, all of which will remain regardless of the outcome of the challenge to Count Thirteen.[3]

The United States Supreme Court has established a national standard for judging the effectiveness of criminal defense counsel under the Sixth Amendment. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The Court elaborated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.

---

[3]Although the claim being addressed is ineffective assistance of counsel, not a direct attack on Count Thirteen, the prejudice prong of the analysis clearly focuses on the conviction under Count Thirteen, and not the other counts of the indictment. Assuming for the sake of argument that movant were to prevail on his current claim, the only prejudice he could assert would be the conviction under Count Thirteen. If his lawyers had challenged Count Thirteen and succeeded in getting it dismissed, movant still faced trial and conviction on the remaining counts of the indictment. The alleged failure of his lawyers to challenge the validity of Count Thirteen casts no prejudice or taint on movant's convictions under the remaining 12 counts of the indictment. The conviction under Count Thirteen is significant, however, because it was the basis for movant's longest sentence of 210 months. If he were prevail on this claim, it could reduce his sentence from 210 months to 120 months.

In order to show ineffectiveness of counsel, the movant must demonstrate that his attorney's performance fell below "an objective standard of reasonableness," 466 U.S. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Also, in making such an evaluation, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690. The effectiveness or ineffectiveness must be evaluated by consideration of the totality of the circumstances. *Stanley v. Zant*, 697 F.2d 955, 962 (11th Cir. 1983). The court must remember that a defendant in a criminal case has a constitutional right only to adequate counsel; he is not entitled to the very best legal representation. *Stone v. Dugger*, 837 F.2d 1477 (11th Cir. 1988).

The second requisite element in a claim of ineffective assistance of counsel is a showing of prejudice. Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant can obtain relief only if the error caused actual prejudice. *See Strickland v. Washington*, *supra*. Prejudice means a reasonable probability that the outcome of the proceeding, here both a trial and a sentencing hearing, would have been different had the errors not occurred.

Movant's claim that counsel was ineffective for failing to challenge Count Thirteen of the Indictment cannot succeed unless there is some defect in this Count of the Indictment that no reasonable attorney would have ignored. In other words, counsel

cannot be faulted for failing to challenge an indictment that is not defective, and movant cannot have been prejudiced by counsel's failure to make a meritless challenge to an indictment if that challenge was doomed to fail. Movant alleges that Count Thirteen is duplicitous and fails to charge an offense. The court, however, finds no such defects, and thus counsel were not ineffective for failing to raise them.

A count in an indictment is duplicitous when it unlawfully charges two or more separate and distinct offenses in the same count. In *United States v. Schlei*, 122 F.3d 944 (11th Cir. 1997), the Eleventh Circuit explained:

> A count in an indictment is duplicitous if it charges two or more "separate and distinct" offenses. *United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989). A duplicitous count poses three dangers: "(1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy defense; and (3) A court may have difficulty determining the admissibility of evidence." *United States v. Wiles*, 102 F.3d 1043, 1061 (10th Cir. 1996) (finding no duplicity where the indictment merely alleged multiple means or methods of committing a single offense), *modified*, 106 F.3d 1516 (10th Cir. 1997), *petition for cert. filed*, 65 U.S.L.W. 3632 (U.S. Mar. 10, 1997) (No. 96-1430). Under this analysis, the key issue to be determined is what conduct constitutes a single offense.

*Id.* at 977; *see also Mayberry v. United States*, 156 Fed. Appx. 265, 2005 WL 3196666 (11th Cir. November 30, 2005). Furthermore, duplicity is not a fatal defect, but a waivable one. The court of appeals has commented:

> Nevertheless, "[d]uplicity is not a fatal defect," *Reno v. United States*, 317 F.2d 499, 502 (5th Cir. 1963), and an objection to a duplicitous indictment is waived if not raised before trial, Fed.R.Crim.P. 12(b)(3)(B). *See also United States v. Prescott*, 42 F.3d 1165, 1167 (8th Cir. 1994) (finding an

> indictment duplicitous because it charged multiple financial transactions as a violation of 18 U.S.C. § 1956(a)(1)(B)(i), but holding the defendant waived this argument by failing to raise it before trial); *United States v. Klinger*, 128 F.3d 705, 708 (9th Cir. 1997) (finding the defendant waived his duplicitous indictment argument by failing to raise it before trial). Notably, "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 122 S. Ct. 1781, 1785, 152 L. Ed. 2d 860 (2002).

*Mayberry v. United States*, 156 Fed. Appx. 265, 266-267, 2005 WL 3196666 (11th Cir., Nov. 30, 2005).

Movant has failed to demonstrate that Count Thirteen charges anything more than the crime of *conspiracy* to commit money laundering in violation of § 1956(h). The operative language of the count states that the movant and two others "did knowingly and willfully *conspire and agree* with each other and others, to commit the following offense against the United States of America: Title 18, United States Code, Section 1956(a)(1)(A)(i) [money laundering] by taking proceeds fraudulently obtained and transported in interstate commerce, ..., and using those proceeds to promote the carrying on of a specified unlawful activity, as described in Title 18, United States Code, Section 2314." [Italics added for emphasis]. There is but a single offense — conspiracy — charged in the count, even though multiple acts of money laundering are alleged as the necessary overt acts in furtherance of the conspiracy. Alleging multiple overt acts does not make the count duplicitous as the only offense actually charged is the criminal agreement constituting the unlawful conspiracy.

Thus, because Count Thirteen of the Indictment was not defective as duplicitous, counsel's failure at trial and on appeal to raise this issue was not professionally unreasonable. It is not ineffective assistance of counsel for an attorney not to make a meritless objection or motion to dismiss, and counsel in this case cannot be faulted for not having done so.

Movant further argues that the Indictment failed to charge an offense because "money laundering may not be charged as a 'course of conduct' or 'continuing offense.'" Movant's Traverse, p. 5. He asserts that Count Thirteen fails to allege a "specific transaction as the object of the conspiracy." *Id*. The Indictment alleges that movant and two co-defendants "did knowingly and willfully conspire and agree together ... to commit ... [money laundering], by taking proceeds fraudulently obtained ... and using those proceeds to promote the carrying on" of a fraudulent scheme. The Indictment details amounts of money taken from targets of the fraud, the deposit of funds into bank accounts of two companies operated by the defendants, and then used to promote the ongoing fraudulent businesses by paying telephone bills, leasing cars, and the like. The Indictment lists several overt acts taken in furtherance of the conspiracy, most of which are payment by check for goods and services used in the fraudulent businesses.

The Eleventh Circuit has concluded that there is a distinction between a duplicitous count and a jurisdictionally defective count, principally because duplicity is not a "fatal defect." A duplicitous count may charge multiple crimes, but at least it *does*

charge a crime, which distinguishes it from a jurisdictionally defect count. In *Mayberry v. United States*, 156 Fed. Appx. 265, 267, 2005 WL 3196666 (11th Cir. Nov. 30, 2005), the court wrote:

> We have yet to address the distinction between a jurisdictionally defective indictment and a duplicitous indictment. However, the Second Circuit addressed this issue in the identical context as raised in this case, namely, whether an indictment charging multiple financial transactions as a criminal money laundering offense under 18 U.S.C. § 1956(a)(1)(A) "states an offense which is cognizable, in the sense of charging conduct made illegal by statute." *United States v. Moloney*, 287 F.3d 236, 240 (2d Cir. 2002). In addressing this issue, the court noted the defendant explicitly raised a jurisdictional defect claim and not a duplicity claim. *Id.* However, the court stated jurisdictional concerns:
>
>> are only weakly implicated where it is claimed that an indictment fails to charge a cognizable offense because it charges a continuing offense even though Congress did not expressly prohibit a continuing offense. Because these claims acknowledge the illegality of the individual acts alleged, they do not truly implicate the possibility of an innocent person being convicted. Rather, these claims suggest that the form of the indictment was wrong, in that it grouped offenses that could have been validly charged as individual counts into a collective count that, it might be argued, charges no crime. But claims that the indictment groups counts impermissibly are sufficiently addressed by the doctrine of duplicity, which inherently addresses the form of an indictment and protects against issues of confusion, pretrial notice, and jury compromises which are not implicated in this case. Raising such formalistic errors in framing an indictment to the level of jurisdictional defects exalts form over substance without providing any additional substantive benefit.
>
> *Id.*

> The above-cited language from *Moloney* supports our interpretation that Mayberry's jurisdictional defect argument is actually a duplicity argument. Moreover, those cases relied on by Mayberry, namely *United States v. Kramer*, 73 F.3d 1067, 1072 (11th Cir. 1996), and *United States v. Conley*, 826 F. Supp. 1536, 1544 (W.D.Pa., 1993), also support this interpretation, as those cases refer to duplicity problems with the allegation of multiple financial transactions in an indictment, not jurisdictional problems. As these cases demonstrate, Mayberry's objections are more appropriate as challenges to a duplicitous indictment, rather than a true jurisdictional challenge.

*Id.* at 267. As this case makes clear, even if counsel could have challenged Count Thirteen on duplicity grounds, there was no jurisdictional-defect challenge. If Count Thirteen had charged multiple instances of substantive money laundering offenses, as distinct from the *conspiracy* to money launder it actually charged, movant's challenge to the count would have been on duplicity grounds, not the assertion that it failed to state a criminal offense. Accordingly, again, it was not professionally unreasonable for counsel not to raise a *jurisdictional* attack on Count Thirteen. There was no such challenge to be made. Further, at the risk of repeating what has already been said, Count Thirteen also was not duplicitous. Movant's argument that only one "specific financial transaction" may properly be alleged is without foundation in the context of a *conspiracy* claim such as the one set forth in Count Thirteen.[4]

---

[4]The cases cited by movant stand for the proposition that, when a series of financial transactions is made by a defendant, each transaction done in furtherance of concealing the unlawful activity constitutes a separate offense of money laundering. The court agrees that a money laundering violation under § 1956 is not a "continuing offense." This argument may be relevant to a substantive charge of money laundering, but not to a charge of *conspiracy*, in which the act that

Accordingly, Count Thirteen of the Indictment was never vulnerable to challenge as duplicitous or as failing to charge a crime. For these reasons, movant's counsel at trial and on appeal cannot have rendered ineffective assistance by failing to challenge it, and movant cannot have suffered any prejudice from failure of counsel to challenge the Indictment on these two grounds. Consequently, movant is not entitled to relief.

A separate order denying the § 2255 motion will be entered.

The Clerk is **DIRECTED** to mail a copy of the foregoing to the movant.

**DONE,** this 23rd day of February, 2009.

SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

is prohibited is the agreement to commit the crime.